UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ROBBEN, | No. 2:16-cv-2723 GGH P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| JOHN D'AGOSTINI, | |
| Respondent. | |

Petitioner, proceeding pro se, has filed a "petition for writ of mandamus and prohibition," though it is difficult to discern the nature of this action.[1] Petitioner states that he has a habeas corpus pending before the Court of Appeal for the Third District of California, as well as an appeal pending in the superior court. Petitioner lists procedural problems in the processing of these cases, and that the courts are not responding, as well as substantive problems, including an allegedly illegal search warrant, falsification of evidence, false testimony, and refusing to permit him to call witnesses and confront his accuser. For this reason, petitioner seeks an order releasing him from custody pending a decision on his habeas corpus action.

Petitioner also outlines problems with his custody arrangements at El Dorado County Jail, where he is now housed, specifically the following alleged violations of his conditions of confinement: not receiving legal mail, solitary confinement constituting cruel and unusual

---

[1] Petitioner has not filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a).

1

punishment, denial of medical care, and denial of access to the courts. Petitioner requests that he be released from custody, or at least returned to the general population and/or transferred to Placer County where his case is pending.

To the extent petitioner is attempting to challenge ongoing criminal proceedings, principles of comity and federalism weigh against a federal court interfering with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when 1) state proceedings, judicial in nature, are pending; 2) state proceedings involve important state interests; and 3) the state proceedings afford adequate opportunity to raise the constitutional issue. See Middlesex County Ethic Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432 (1982). Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc., 477 U.S. 619, 627 (1986). "When a case falls within the proscription of Younger, a district court must dismiss the federal action." Fresh Int'l Corp. v. Agricultural Labor Relations Bd., 805 F.2d 1353, 1356 (9th Cir.1986). In addition, there is no discretion to grant injunctive relief if the case is within the Younger category of cases. Id. (citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 816 n. 22, (1976)).

Petitioner is in custody at the El Dorado County Jail. He concedes that he has pending at least two state actions concerning his criminal conviction. Criminal proceedings, by their very nature, involve important state interests. Petitioner has an adequate opportunity to raise the constitutional issues underlying his conviction in either his habeas case or his direct appeal. Irreparable injury does not exist in such situations if the threat to petitioner's federally protected rights may be eliminated by his appeal of the criminal case. Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding] unless it is 'both great and immediate.'" Younger, 401 U.S. at 46, 91 S. Ct. at 751 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44, 46 S. Ct. 492, 493 (1926)). Petitioner has failed to demonstrate extraordinary circumstances; therefore this claim is barred by the Younger abstention doctrine.

Furthermore, federal district courts lack jurisdiction to issue a writ of mandamus to a state court. Although the federal mandamus statute provides that "[t]he district courts shall have

2

original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," 28 U.S.C. § 1361, federal district courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties.  A petition for a writ of mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law.  See Demos v. U.S. District Court, 925 F.2d 1160, 1161 (9th Cir.1991) (citing 28 U.S.C. § 1651 and noting "that this court lacks jurisdiction to issue a writ of mandamus to a state court."); Clark v. Washington, 366 F.2d 678, 681 (9th Cir.1966) ("The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties[.]"); see also Newton v. Poindexter, 578 F.Supp. 277, 279 (C.D.Cal.1984) (§ 1361 has no application to state officers or employees); Dunlap v. Corbin, 532 F.Supp. 183, 187 (D.Ariz.1981) (finding that the court could not issue writ of mandamus directing state agency to provide plaintiff with a trial), *aff'd without opinion*, 673 F.2d 1337 (9th Cir.1982); Umbenhower v. Schwarzenneger, No. C 10–01198 JW (PR), 2010 WL 4942512, at *1 (E.D.Cal. Nov.24, 2010).  Accordingly, this court cannot grant the relief petitioner seeks.

    To the extent that petitioner alleges constitutional violations in his conditions of confinement, petitioner is advised that he must raise those issues in a separate civil rights actions pursuant to 42 U.S.C. § 1983.

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. § 1983.  Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a 1983 action.

Muhammad v. Close, 540 U.S.749, 750 (2004) (per curiam).

    A review of cases filed by petitioner in this court indicate that he currently has at least four civil rights actions pending.  See Robben v. El Dorado County, No. 2: 16-cv-2695 KJN; Robben v. City of South Lake Tahoe, No.2:16-cv-2696 EFB; Robben v. El Dorado County; No.2:16-cv-2697 KJN; Robben v. El Dorado County, No. 16-cv-2698 CMK.  To the extent that

petitioner has not already alleged the instant civil rights claims in one of the aforementioned cases, he is advised to do so in one of those actions through an amended complaint.

In accordance with the above, IT IS HEREBY ORDERED that: The Clerk shall assign a district judge to this case.

IT IS HEREBY RECOMMENDED that petitioner's action be dismissed and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 24, 2016

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/robb2723.mand